IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHAN MICKENS,** | : | |
| Plaintiff | : | No. 1:24-cv-00190 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **SHARON CLARK, et al.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, on this 31st day of March 2025, after considering the complaint filed by pro se Plaintiff Rashan Mickens ("Mickens") (Doc. No. 1), the motion to dismiss the complaint and brief in support of the motion filed by Defendants Sharon Clark ("Clark"), Heather Haldeman ("Haldeman"), R.G. Pollock ("Pollock"), and A.J. Taylor ("Taylor") (Doc. Nos. 10, 11), and Mickens's brief in opposition to the motion to dismiss (Doc. No. 17), and for the reasons stated in the accompanying Memorandum, which included screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS ORDERED THAT**:

1. Pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the following claims from the complaint are **DISMISSED WITH PREJUDICE**:

    a. Mickens's requested injunctive relief that Defendants be removed from their jobs and disciplined; and

    b. Mickens's 42 U.S.C. § 1983 ("Section 1983") claims for: (1) civil conspiracy; (2) a violation of the Eighth Amendment based on Pollock's alleged use of homophobic, racist, foul, and vulgar language on May 11 and 17, 2023; and (3) monetary damages against Defendants in their individual capacities;

2. Pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), Mickens's Section 1983 claim for monetary damages against Defendants in their official capacities is **DISMISSED WITHOUT PREJUDICE**;

3. Defendants' motion to dismiss the complaint (Doc. No. 10) is **GRANTED**, and Mickens's Section 1983 First Amendment retaliation claims asserted in his complaint are **DISMISSED** as follows:

    a. Mickens's claim against Clark based on her alleged actions in August 2023 is **DISMISSED WITHOUT PREJUDICE**;

    b. Mickens's claims against Haldeman, Pollock, and Taylor are **DISMISSED WITH PREJUDICE**; and

    c. Mickens's claim against Clark based solely on her review, investigation, and denial of his grievances submitted on May 17, 2023, and July 27, 2023, is **DISMISSED WITH PREJUDICE**;

4. The Clerk of Court is directed to **TERMINATE** Defendants Haldeman, Pollock, and Taylor on the docket for this case;

5. Mickens has **thirty (30) days** from the date of this Order to file an amended complaint. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mickens's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting the amended complaint, Mickens should be mindful of the Court's reasons for dismissing his claims in his initial complaint, as explained in the accompanying Memorandum. Mickens should not include any claims that the Court has dismissed with prejudice, as well as his Section 1983 claim for monetary damages against Defendants in their official capacities, in any amended complaint. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so ordered by the Court;

6. In addition to sending Mickens a copy of this Order and the accompanying Memorandum, the Clerk of Court shall **SEND** Mickens a copy of the Court's standard form civil rights complaint for prisoners that includes the docket number for this case. Mickens may use this form to file his amended complaint if he chooses to do so; and

7.     If Mickens does not timely file an amended complaint in accordance with paragraph five (5) of this Order, the Court will presume that he intends to stand on his original complaint. Mickens's inaction will be deemed as a desire to proceed on the original complaint under the stand-on-the-complaint doctrine, and this Order dismissing the complaint will become final.[1]

    s/ Yvette Kane
    Yvette Kane, District Judge
    United States District Court
    Middle District of Pennsylvania

---

[1] See Lucas v. Twp. of Bethel, 319 F.3d 595, 600 (3d Cir. 2003) (dismissal without prejudice was final and appealable because plaintiff chose to stand on the complaint); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (holding that plaintiff elected to stand on complaint by failing to amend within specified time period); see also Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991) (finding appellate jurisdiction over dismissal without prejudice based on statements made in letter brief filed after appeal was initiated).